Helena Field, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Helena Field,* appellant, for herself.

*David Bianco,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 29, 1977:

This dispute arises over the number of weeks of unemployment compensation benefits to which appellant is entitled. Both parties agree that the maximum amount allowed under the basic state program as well as the state and federal extension programs then in effect, was sixty-five weeks.[1] The record indicates that appellant received sixty-five weeks of unemployment compensation. How then, did this dispute arise?

When a person makes application for unemployment compensation benefits, the Bureau of Employment Security (Bureau) will issue a "Notice of Financial Determination." These notices indicate eligibility, the amount of benefits per week, the number of weeks of eligibility, as well as other information pertinent to the unemployment compensation claim.

---

[1] This computation is arrived at by adding the number of weeks of benefits allowed under: (1) the basic Unemployment Compensation Program, which was thirty weeks, Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §804; (2) the Pennsylvania Extended Benefits Program, which was nine weeks, 43 P.S. §811; and (3) the Federal Supplemental Benefits program, which while thirteen weeks initially, was raised to twenty-six weeks, under the Federal Program to Supplement State benefits instituted by Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 note. This totals sixty-five weeks.

Appellant received several of these notices: the first, dated July 16, 1974, informed her that she was eligible for weekly benefits of $78 up to a maximum of $2340 or thirty weeks; the second, dated January 28, 1975, informed her that she was eligible under the state extended benefits program for nine more weeks at $78 per week; the third, dated April 4, 1975, informed her that she was eligible for supplemental benefits under the federal plan for thirteen more weeks at $78 per week; the fourth and presumably last notice, dated July 1, 1975, informed her that she was eligible under the Federal Supplemental Benefits Program for twenty-six more weeks at $78 per week. Adding up the number of weeks allowed on the various notices we get a total of seventy-eight weeks at $78 per week.[2] This is the basis of appellant's contention, she believes, as the notices state, that she is entitled to an additional thirteen weeks of unemployment compensation benefits.

The apparent reason for the notices totaling seventy-eight weeks of compensation is that initially the Federal Supplemental Benefits Program was only to be thirteen weeks long. In June of 1975 it was extended from thirteen weeks to twenty-six weeks.[3] Hence, when the original thirteen weeks ran out appellant applied for the additional thirteen weeks and through an administrative error was told on the July 1, 1975 "Notice of Financial Determination" that she was eligible for twenty-six more weeks instead of only the thirteen to which she was entitled. It is regrettable that due to this administrative error appellant was

---

[2] These notices are not in the record but can be found in appellant's second brief. Had these notices been in the record it would have become abundantly clear to appellees why the appellant was contesting the termination of her benefits in September of 1975.

[3] *See supra,* note 1.

misled to believe that she was entitled to an additional thirteen weeks of compensation, the maximum number of weeks compensation allowed at that time was sixty-five and the record indicates that appellant received sixty-five weeks of compensation.

Accordingly, we will enter the following

ORDER

Now, March 29, 1977, the order of the Unemployment Compensation Board of Review, Number B-130519, dated March 24, 1976, is affirmed.